**AUSTIN v. BASS.**

No. 9401.

United States Court of Appeals
District of Columbia.

Argued April 8, 1947.

Decided Oct. 6, 1947.

Mr. Albert F. Adams, of Washington, D. C., with whom Mr. Walter M. Bastian, of Washington, D. C., was on the brief, for appellant.

Mr. Warren E. Magee, of Washington, D. C., with whom Mr. R. Logan Hollowell, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and PRETTYMAN, Associate Justices.

PER CURIAM.

This is an appeal by the defendant from a judgment for the plaintiff in an action for personal injuries and property damage caused by a collision between two automobiles. There was evidence that appellant drove his car on the wrong side of the street, went through a stop sign at an intersection, and collided with appellee's car which had properly entered the intersection. Appellant testified that his brakes suddenly failed to work and had previously worked properly. Therefore, he contends, he was not negligent in failing to stop. But a garage operator who examined his car after the accident "guessed" that the brake hose, which he found to be broken, had been broken by the accident. The evidence fully supports the jury's inference that the collision was due to appellant's negligence.

Appellee carried "$50 deductible" insurance against damage to his car. He testified that he "only signed for the $50, and the insurance company, itself, signed for the rest of the [repair] bill." We assume that "signed for" means "promised to pay." Appellant contends that appellee should not have been allowed to recover in the present suit the full amount of the damage to his car, because the insurance company was not a party to the suit. But counsel who represented appellee at the trial happened to be counsel for the insurance company also, and stipulated that the insurance company would give appellant a full release. If there was any theoretical error in permitting full recovery, a question on which we express no opinion, it was made harmless by the stipulation. Appellant's other contentions are likewise without merit.

Affirmed.